**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ELIZABETH DUFFY,

       Plaintiff,

v.                             CASE NO. 8:26-cv-1545-MSS-TGW

SHAHABUDDEEN A. ALLY,
CHIDI A. EZE,
KEVIN MCCLANAHAN,
MONIQUE HOLAMAN,
CARMEN PACHECO, and
WAVNY TOUSSAINT,

       Defendants.

---

## REPORT AND RECOMMENDATION

The plaintiff filed a Complaint (Doc. 1) and an Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2). Upon review, I recommend that the plaintiff's Complaint (Doc. 1) be dismissed without prejudice because the complaint fails to establish subject matter jurisdiction and fails to state a claim upon which relief can be granted.

I.

The federal statute governing a litigant's ability to proceed without prepaying filing fees, 28 U.S.C. § 1915(a)(1), is intended to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989). Accordingly, the statute permits a

litigant to commence a civil action without prepayment of fees if the plaintiff submits an affidavit that includes a statement of all assets demonstrating an inability to pay the filing fee and a statement of the nature of the action showing that the plaintiff is entitled to relief.

Congress recognized that, unlike a paying litigant, an indigent litigant lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits. *Id.* Accordingly, even if a plaintiff establishes indigency, the court must dismiss the case if it determines that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Unsupported conclusory factual allegations also may be 'clearly baseless.'" Craven v. Florida, No. 6:08-cv-80-Orl-19GJK; 2008 WL 1994976 at *4 (M.D. Fla. May 8, 2008), adopted at *2. To state a claim for relief, a complaint must allege sufficient facts to permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

2

The Court liberally construes pro se pleadings. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). However, a pro se pleading "must still comply with procedural rules governing the proper form of pleadings." Hopkins v. St. Lucie Cnty. Sch. Bd., 399 Fed. Appx. 563, 565 (11th Cir. 2010). Thus, a court will not "rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1169 (11th Cir. 2014) (citation omitted).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Each claim includes specific elements that a plaintiff must establish to demonstrate a legal violation. If a plaintiff fails to allege facts supporting any required element, the claim fails as a matter of law. Merely, reciting the elements of a cause of action, without factual support, is insufficient. Instead, a plaintiff must allege specific facts showing that each element of the claim is satisfied.

## II.

The complaint consists of a single page identifying the plaintiff and several defendants. The allegations include three sentences: (1) Defendants failed to show dignity in work, (2) Plaintiff claims punitive damages, and (3) The estimate is over $50,000.00 (Doc. 1, p. 1). No

additional information is provided.

Federal courts are courts of limited jurisdiction and possess only the authority conferred by the Constitution and Congress. The party invoking federal jurisdiction bears the burden of establishing its existence. The complaint does not identify any basis for federal subject matter jurisdiction. It does not invoke any federal statute, constitutional provision, or treaty that would support federal question jurisdiction under 28 U.S.C. § 1331. Likewise, the complaint does not adequately plead diversity jurisdiction under 28 U.S.C. § 1332. Although the plaintiff alleges that damages exceed $50,000.00 (Doc. 1, p.1), 28 U.S.C. § 1332 requires an amount in controversy exceeding $75,000.00. Moreover, the complaint contains no allegations regarding the citizenship of the plaintiff or any defendants making it impossible to determine whether complete diversity exists. Accordingly, the complaint fails to establish federal subject matter jurisdiction.

Additionally, the complaint contains no factual allegations from which the Court can determine whether venue is proper in the Middle District of Florida under 28 U.S.C. § 1391. The plaintiff does not allege where any defendant resides, where the events giving rise to the action took place, or any other facts connecting this action to this district. Thus, the

plaintiff has failed to provide sufficient information to evaluate whether venue is proper.

Also, the complaint does not satisfy Federal Rule of Civil Procedure 8(a)(2) which requires that the pleading be a short and plain statement of the claim showing that the pleader is entitled to relief. The allegation that the defendants "failed to show dignity in work" (Doc. 1, p. 1) is vague and conclusory. It does not properly identify what conduct occurred, when it occurred, which defendant engaged in the conduct, what legal claim is being asserted, or how the plaintiff was injured. The complaint contains insufficient factual allegations to state a plausible claim for relief.

Moreover, this complaint does not comply with Federal Rule of Civil Procedure 10(b) which requires a plaintiff to plead discrete claims in separate counts and identify in separate numbered paragraphs the pertinent facts supporting that claim. See McNeil v. United States, 508 U.S. 106, 113 (1993) (pro se litigants must comply with procedural rules that govern pleadings). Here, although the plaintiff includes three numbered statements, the complaint does not identify any cause of action, separate count, or factual allegations supporting a cognizable claim. The complaint does not explain what actions were taken by any defendant, when or where those actions occurred, or how those actions give rise to liability. Furthermore, multiple

5

defendants are listed in the complaint, but the allegations do not identify which defendant allegedly engaged in which conduct.

Because the complaint does not state a claim under the federal rules, plaintiff's Complaint (Doc. 1) should be dismissed without prejudice. When a complaint is dismissed as deficient, a pro se plaintiff must generally be given one chance to amend the complaint. Silva v. Bieluch, 351 F.3d 1045, 1048-49 (11th Cir. 2003). This plaintiff should be given at least one opportunity to allege a viable claim.

I, therefore, recommend that the plaintiff's Complaint (Doc. 1) be dismissed without prejudice. The plaintiff may file an amended complaint curing the deficiencies along with a renewed motion to proceed in forma pauperis or may pay the filing fee to proceed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: June 11 , 2026.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). Under 28 U.S.C. §

6

636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.