# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**ELIZABETH DUFFY,**

　　**Plaintiff,**

**v.**                                                     **Case No: 8:26-cv-01545-MSS-T_W**

**SHAHABUDDEEN A. ALLY, CHIDI A. EZE, KEVIN MCCLANAHAN, MONIQUE HOLAMAN, CARMEN PACHECO, and WAVNY TOUSSAINT,**

　　**Defendants.**

---

## ORDER

**THIS CAUSE** comes before the Court for consideration of United States Magistrate Judge Wilson's Report and Recommendation dated June 11, 2026 (the "Report"), which recommended that Plaintiff's Complaint, (Dkt. 1), be dismissed without prejudice. (Dkt. 3 at 6) Plaintiff has not filed an objection to the Report, and the deadline for doing so has passed.

The Court notes, however, that it appears from the docket that Plaintiff may not have received a copy of the Report. Plaintiff failed to state Plaintiff's address in the Complaint. See Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's

**address**, e-mail address, and telephone number.") (emphasis added).[1] Even so, the Clerk mailed a copy of the Report to Plaintiff to the return address stated on the envelope that contained the Complaint when it was mailed to the Court: Elizabeth Duffy, 88 Main St., Oshkosh, WI 54905. (Dkt. 1-1 at 1). The envelope that contained a copy of the Report and that the Clerk mailed to Plaintiff was returned to the Court and marked "Return to Sender / No Such Number / Unable to Forward[.]" Plaintiff has an obligation to apprise the Court of a mailing address to which to send orders or other correspondence.  Plaintiff has not done so.

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). In the absence of specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the

---

[1] Apart from the case caption and the title of the paper, the Complaint states only the following text, followed by Plaintiff's signature: "1. Defendants failed to show dignity in work, 2. Plaintiff claims punitive damages, 3. The estimate is over $50,000. I certify that the above is true and correct. Elizabeth Duffy 5/1/26[.]" (Dkt. 1 at 1)

court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Because it appears that Plaintiff did not receive a copy of the Report, the Court has conducted a *de novo* review of the Report.[2] Upon consideration of the Report, in conjunction with an independent examination of the file, the Court concludes that the Report should be adopted, confirmed, and approved in all respects.

Accordingly, it is **ORDERED** that:

1.  The Report and Recommendation, (Dkt. 3), is **CONFIRMED** and **ADOPTED** as part of this Order.

2.  Plaintiff's Complaint, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE.**

3.  Plaintiff is **GRANTED LEAVE** to separately file an amended complaint, if Plaintiff has a legal and factual basis for each claim sufficient to plead it in compliance with Federal Rule of Civil Procedure 11. The amended complaint shall cure the defects identified in this Order and in the Report and it shall: (i) "include a factual background section that sets forth specific, non-conclusory

---

[2] If Plaintiff has not received a copy of the Report before fourteen days preceding the date of this Order but Plaintiff later receives a copy, Plaintiff may file objections, which will be construed as a motion for reconsideration, within fourteen (14) days of Plaintiff receipt of the Report.

factual allegations that pertain directly and solely to this case and suggest support for the required elements of each claim for relief," (ii) "list each cause of action in a separate count," (iii) "identify specific factual allegations and acts by each defendant that support each cause of action against that particular defendant within each count," and (iv) "specifically identify each defendant against whom a cause of action is brought and the basis of liability against each defendant within each count." Cole v. Collection Apartments, No. 1:19-CV-2987-MLB-JKL, 2019 WL 11343334, at *1 (N.D. Ga. Sept. 11, 2019), adopted by 2019 WL 11343332 (N.D. Ga. Dec. 27, 2019).

4.   Within **twenty-one (21) days** of the date of this Order, Plaintiff is **DIRECTED** to: (1) pay the filing fee or file a second motion to proceed *in forma pauperis*;[3] and (2) file an amended complaint in compliance with the above grant of leave to separately file an amended complaint.

5.   Plaintiff is cautioned that failure to cure the deficiencies identified in this Order and the Report may result in dismissal of this case with prejudice and without further opportunity to amend.

---

[3] In an Order dated June 17, 2026, (Dkt. 4), Magistrate Judge Wilson denied without prejudice Plaintiff's initial Application to Proceed in District Court without Prepaying Fees or Costs. (Dkt. 2)

6.    Because Plaintiff is currently proceeding without a lawyer, the undersigned directs Plaintiff's attention to the Court's webpage, "Litigants                  without                  lawyers," https://www.flmd.uscourts.gov/litigants-without-lawyers.   In   this webpage Plaintiff can find basic information and resources for parties who are proceeding without a lawyer in a civil case.

**DONE** and **ORDERED** in Tampa, Florida, this 6th day of July 2026.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE


**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

5